**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JULIO CABRERA,**

                          **Plaintiff,**

**-vs-**                                             **Case No. 6:11-cv-891-Orl-28DAB**

**KAMILIES SERVICES, LLC, HARI OM,
INC/ID I,**

                          **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 19)**
>
> **FILED:**      **November 2, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. 18-1), Plaintiff was employed by Defendant handling laundry at the hotel from June 2007 to March 2011. Plaintiff alleged that he was paid by the hour and that he was paid straight time for each overtime hour worked. Doc. 18-1. Plaintiff sought $6,236.32 for overtime which varied from week to week, plus an equal amount in liquidated damages. Doc. 18-1. The settlement to Plaintiff of $9,000 in unpaid wages and liquidated damages represents approximately 75% of the $12,472 principal amount Plaintiff sought.

Defendants deny Plaintiff's allegations, arguing that neither party was Plaintiff's employer and arguing that Plaintiff was a contract worker who was not protected by the FLSA. Additionally, Defendant, Kamiles Services, LLC, argued that it would not be subject to enterprise coverage under the FLSA even if it was a proper employer because it did not earn $500,000.00 per year in gross sales. The parties engaged in discovery which showed that Defendant, Hari Om Inc., was likely not the

employer of Plaintiff, but that Plaintiff was likely the employee of Defendant, Kamiles Services, LLC, which also did not earn $500,000.00 per year, making enterprise coverage inapplicable against it.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,000 in attorney's fees and costs. Plaintiff's counsel represented in Plaintiff's responses to the Court interrogatories that as of September 1, 2011, counsel had incurred (up to that point) approximately 6 to 7 hours in attorney time and 8 to 9 hours of paralegal time for a total of $2,640 to $3,045, plus costs of $685 for filing fee and service of process charges; counsel has since incurred more time in negotiating the settlement. Doc. 18-1 at 3. Thus, a $4,000 fee, based on counsel's previous estimates and allowing for a few additional hours is not unreasonable under the circumstances of this case.

Settlement in the amount of **$9,000** to Plaintiff for unpaid wages and liquidated damages, and **$4,000** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 3, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy